UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDALL LEE FIELDS,

        Petitioner,                                Case Number: 05-CV-74618

v.                                                HONORABLE VICTORIA A. ROBERTS

CAROL R. HOWES,

        Respondent.
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL WITHOUT PREJUDICE**

Petitioner Randall Lee Fields has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is currently incarcerated at the Lakeland Correctional Facility in Coldwater, Michigan, challenges his convictions for two counts of third-degree criminal sexual conduct. Petitioner has failed to exhaust his state court remedies with respect to one of the claims presented in his habeas petition. The Court shall, therefore, dismiss the petition without prejudice.

**I. Procedural History**

Following a trial in Lenawee County Circuit Court, Petitioner was convicted of two counts of criminal sexual conduct. On December 5, 2002, he was sentenced to ten to fifteen years imprisonment.

Petitioner filed an appeal of right in the Michigan Court of Appeals, presenting the following claims: (i) violation of Miranda rights; (ii) 404B more prejudicial than probative; and (iii) violation of truth in sentencing guidelines. The Michigan Court of

Appeals affirmed Petitioner's convictions. People v. Fields, No. 246041 (Mich. Ct. App. May 6, 2004).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, presenting the same claims presented to the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. People v. Fields, No. 126431 (Mich. Dec. 9, 2004).

Petitioner then filed the pending petition, presenting the same claims presented on direct review in state court, and a claim that his trial attorney was ineffective.

## II. Analysis

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000); Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. O'Sullivan, 526 U.S. at 845. A prisoner "'fairly presents' his claims to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." Levine v. Torvik, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also* Prather v. Reese, 822 F.2d 1418, 1420 (holding that "[o]rdinarily, the state courts must have had the opportunity to

pass on defendant's claims of constitutional violations"). A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See* Mohn v. Bock, 208 F.2d 796, 800 (E.D. Mich. 2002); *see also* Hafley v. Sowders, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of showing that state court remedies have been exhausted. Rust, 17 F.3d at 160.

Petitioner admits in his petition that he has failed to exhaust his state court remedies with respect to his claim that his trial attorney was ineffective. Michigan Court Rules provide a process through which Petitioner may present his unexhausted claim. Petitioner can file a motion for relief from judgment pursuant to M.C.R. 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument and conduct an evidentiary hearing on Petitioner's claim. Petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court.

Where a petition contains both exhausted and unexhausted claims, the Sixth Circuit Court of Appeals has held that a district court may dismiss the unexhausted claims, retain jurisdiction over the exhausted claims, and stay proceedings pending exhaustion. Griffin v. Rogers, 308 F.3d 647, 652, n.1 (6th Cir. 2002). *See also* Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002) (finding "eminently reasonable" district court's holding dismissing unexhausted claims in habeas petition and staying proceedings on the remaining claims pending exhaustion of state court remedies). The Sixth Circuit Court of Appeals also has approved a district court's dismissal of a mixed petition where the

district court's order of dismissal provided safeguards such that the dismissal would not jeopardize the timeliness of a future habeas petition. Hargrove v. Brigano, 300 F.3d 717, 719-721 (6th Cir. 2002).

In this case, the Court shall dismiss the petition without prejudice so that Petitioner may pursue his unexhausted claim in state court. Petitioner may move to reopen this matter upon exhausting his state court remedies. In order not to "'jeopardize the timeliness of a collateral attack,'" Palmer, 276 F.3d at 781, *quoting* Zarvela v. Artuz, 254 F.3d 374, 380 (2d Cir. 2001), the Court shall adopt the safeguards approved by the Sixth Circuit in Hargrove. The Court shall dismiss the petition without prejudice and the one-year limitations period shall be tolled from the date Petitioner filed his petition, November 29, 2005, until Petitioner returns to federal court. This tolling of the limitations period is conditioned upon Petitioner "pursu[ing] his state remedies within thirty days of [this Court's Order] and return[ing] to federal court within thirty days of exhausting his state remedies." Hargrove, 300 F.3d at 718.

### III. Conclusion

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1) shall be tolled from November 29, 2005, until the time Petitioner returns to federal court to pursue habeas relief, provided that (i) Petitioner presents his unexhausted claims to the state court within thirty days from the date of this order and (ii)

Petitioner returns to this Court to pursue habeas corpus relief within thirty days of exhausting state court remedies.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: December 22, 2005

The undersigned certifies that a copy of this document was served on the attorneys of record and petitioner by electronic means or U.S. Mail on December 22, 2005.

s/Carol A. Pinegar
Deputy Clerk